RAFAEL DOMENECH CEREZO, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Defendant and Appellee.

No. AP-64-8.     Decided September 30, 1964.

*Juan Ares Velázquez,* attorney designated by the Supreme Court to offer legal aid to defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was confined in the penitentiary serving two sentences, one for voluntary manslaughter and the other for mayhem. While he was there he committed two other offenses and was convicted of murder in the second degree and assault to commit murder. The sentences for the last two offenses were rendered on April 6, 1954 by Judge Pablo Juan y Toro.

At appellant's request the Superior Court, San Juan Part, issued a writ of habeas corpus on February 13, 1963. The hearing was held on August 22, 1963. Appellant appeared personally and was assisted by counsel. He maintains that his imprisonment was illegal because the judge who presided the trial for murder and assault to commit murder was the same one who made the investigation of the facts and who found probable cause in said cases. After the hearing the Superior Court denied the writ of habeas corpus because it was not established that the judge who presided at the hearing made the investigation of the cases.

On appeal appellant assigns that the Superior Court erred (1) in deciding that the judge who found probable cause was not disqualified to hear the cases on their merits and (2) in deciding that appellant waived his right to question the illegality of his arrest by pleading guilty.

▇ The first error was not committed. It was shown at the hearing that the aforementioned investigation was not made by Judge Pablo Juan y Toro but by the former prosecuting attorney, César Bobonis. Tr. Ev. 11–15. Prosecuting Attorney Bobonis submitted to the judge the record with the sworn statements taken by him. Of course, finding probable cause corresponded to the judge, which he did. The Superior Court decided correctly and in conformance with the law then in force. *People* v. *Quiles*, 83 P.R.R. 61 (1961); *People*

v. *Pacheco*, 83 P.R.R. 275 (1961) and *People* v. *Toro*, 84 P.R.R. 473 (1962).

On the date of the pronouncement of the sentences, April 6, 1964, there did not exist in our law all the grounds for disqualification contained in Rule 76 of Criminal Procedure. We cannot create the uncertainty and almost chaotic situation in our Criminal Law by starting to apply, verbatim, Rule 76 of 1963 to sentences pronounced 10 years ago. Rule 2 of the Rules of Criminal Procedure itself which provides that said rules will prevail over the proceeding in criminal actions initiated on or subsequent to the date on which the rules were enacted, makes the exception that said rules are applicable to criminal actions pending, except when its application is practicable. It is not desirable either, for the reason aforementioned, to apply Rule 76 to sentences pronounced 10 years ago nor would it be practicable in view of Rules 77 *et seq.*

As the appeal is against the judgment and not against the grounds it is not necessary to consider the second contention made by appellant. The judgment appealed from will be affirmed.